# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAIME MARTINEZ-ESPINOZA,<br><br>　　　　　Defendant. | Case No. 20CR0775-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL OR RELEASE AND AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER<br><br>(Doc. No. 24.) |

Pending before the Court is Defendant Jaime Martinez-Espinoza's ("Defendant") motion for this Court to review the Magistrate Judge's detention order filed on May 19, 2020. (Doc. No. 24.) The Government filed a response in opposition on May 26, 2020. (Doc. No. 26.) The Defendant is charged with three felony counts: importation of cocaine (Count 1), importation of methamphetamine (Count 2), and importation of heroin (Count 3) all in violation of Title 21 U.S.C. §§ 952 and 960. (Doc. No. 11.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain the defendant. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to

make his or her own *de novo* determination of facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA"), Title 18 U.S.C. § 3142(g), requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Although immigration status is not a listed factor to consider in determining bail, "[a]lienage may be taken into account, but it is not dispositive." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of

nonappearance." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019).

The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. Santos-Flores at 1090. A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also Diaz-Hernandez at 1199 (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

Given the nature of the charges, the Defendant is facing a minimum mandatory sentence of 10 years imprisonment if convicted. Title 21 U.S.C. § 960(b)(1)(H). Accordingly, there is a rebuttal presumption that that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community under Title 18 U.S.C. § 3142(e)(3)(A). Furthermore, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)).

Title 18 U.S.C. § 3142(i) governs the temporary release of a defendant under the BRA. § 3142(i) provides in pertinent part that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Courts have held that in analyzing what constitutes a "compelling reason," a judicial officer "must make a particularized finding of

necessity" and as such a "case-by-case approach" is required in making an assessment under § 3142(i). United States v. Stephenson, 2020 WL 1811353, at *3 (W.D. Ky. Apr. 8, 2020) (Simpson, J.); see also United States v. McKnight, 2020 WL 1872412, at *3 (W.D. Wash. Apr. 15, 2020) (Zilly, J.)

The charges in this case are serious drug offenses involving importation of cocaine, methamphetamine, and heroin (Doc. No. 11), weighing against setting bail. The offenses are serious enough to trigger the BRA's provision that there is a rebuttal presumption that that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community under Title 18 U.S.C. § 3142(e)(3)(A), weighing in favor of detention. If convicted, the Defendant is facing a minimum mandatory sentence of 10 years of custody under Title 21 U.S.C. § 960(b)(1)(H), elevating the risk of flight.[1]

The Defendant's spouse and a brother reside in Mexico and the Defendant's employment history as bus driver is in Mexico (Doc. No 26 at 5), although the Defendant has another brother who lives in the United States (Doc. No. 24 at 2). Thus, the Defendant has stronger ties to Mexico than the United States, increasing the Defendant's risk of fleeing to Mexico. See United States v. Mukhtar, No. 2:12-CR-00004-MMD, 2012 WL 4510687, at *5 (D. Nev. Sept. 28, 2012) (Mahan, J.) (Noting that although the defendant has ties to the United States, the defendant "also has at least equal, if not stronger, family ties to [a foreign country]. Such family ties to [a foreign country] coupled with his lack of financial and employment ties in the United States  make factor three [of the BRA] weigh against his release."). Furthermore, minor factors including the weight of evidence and the Defendant's status as a non-citizen of the United States weigh in favor of detention. After weighing the factors under the BRA, the Court concludes that the Government has met its burden of

---

[1] There has been no determination whether the Defendant is safety valve eligible under the Sentencing Guidelines, although the record reflects that the Defendant has no known criminal history. However, even a safety valve eligible defendant with the drug amounts involved in this case is facing a significant Sentencing Guideline range, which is enough to elevate the risk of flight.

showing by a preponderance of the evidence that the Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of the Defendant for court proceedings.

The Defendant argues that the COVID-19 outbreak warrants setting bail in this case because "the Eighth Amendment forbids placing a frail individual at risk" in a detention facility. (Doc. No. 24 at 22.). However, "as concerning as the COVID-19 pandemic is, resolving an appeal [or review] of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (Grimm, J.); Diaz-Hernandez at 1199 ("[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."); See also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]").

Significantly, the Defendant is currently housed at the Metropolitan Correctional Center ("MCC") in San Diego and there is no evidence in record that the MCC is experiencing the kind of outbreaks cited by the Defendant.[2] The Court recognizes that the Defendant is 68 years-old and has high blood pressure. (Doc. No. 24 at 2.) However, there is no evidence in the record that the MCC is ill-equipped to provide medical care for the Defendant. Moreover, plans are in place to lift the lockdown at the MCC and to transfer inmates who test positive for COVID-19, if any, to a quarantined location, further protecting detainees and staff. Additionally, as the Government outlined in its response, the detention facilities are taking active precautions to limit the potential spread of the virus within its facilities. (Doc. Nos. 16

---

[2] The Defendant cites to the number of COVID-19 outbreaks at the Otay Mesa detention facility, the Orange County jail, the San Luis Regional Detention Center, and the GEO detention facility. (Doc. No. 24 at 11-12.) Given that the Defendant is currently housed at the MCC, these citations have no bearing on the Court's individualized analysis and determination under the BRA of the Defendant's situation.

at 16-17 and 26 at 8.) Under these circumstances, the Court finds that there are no compelling reasons to temporarily release the Defendant under § 3142(i). See Stephenson 2020 WL 1811353, at *3. Furthermore, the Court cannot find grounds under the Eighth Amendment to order the Defendant's release from custody.

The Defendant argues that the Fifth Amendment right to due process and the Sixth Amendment right to counsel further weighs against the Defendant's continued detention due to the detention facility implementing procedures restricting in-person legal and social visits. However, the MCC is permitting telephonic legal visitations, balancing the Defendant's rights to legal representation and the safety of the inmates. Though the telephonic communications between the Defendant and defense counsel as described by the defense may not be ideal, that reason alone cannot serve as a basis to release the Defendant. See United States v. Otunyo, No. CR 18-251 (BAH), 2020 WL 2065041, at *9 (D.D.C. Apr. 28, 2020) (Howell, C.J.) ("[T]he current limitations on defendant's ability to communicate with counsel [caused by the COVID-19 pandemic] do not justify release."). Additionally, the very fact that the MCC is restricting in-person legal and social visits is evidence that the MCC is taking active precautions to limit the spread of the virus, undercutting the Defendant's argument to the contrary. Accordingly, the Court cannot find grounds to release the Defendant under the Fifth and Sixth Amendments. Furthermore, under these circumstances, the Court finds that there are no compelling reasons to temporarily release the Defendant under § 3142(i). See United States v. Leake, No. 19-CR-194 (KBJ), 2020 WL 1905150, at *4 (D.D.C. Apr. 17, 2020) (Jackson, J.) ("[I]f every pretrial detainee is entitled to temporary release under that statute 'just because it would aid a defendant's ability to work with counsel,' then 'the exception in section 3142(i) would swallow all detention orders.'") (quoting United States v. Villegas, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020)).

After *de novo* review of the entire record before the Court and weighing the appropriate factors in determining bail under the BRA, the Court concludes that the

1  Magistrate Judge's detention order is fully supported by all the facts and
2  circumstances of this case. The Court finds by a preponderance of the evidence that
3  the Defendant is a flight risk and that no condition or combination of conditions will
4  reasonably assure the appearance of the Defendant. Furthermore, the Court cannot
5  find compelling reasons to temporarily release the Defendant under § 3142(i) and
6  cannot find grounds to release the Defendant under the Fifth, Sixth, and Eighth
7  Amendments. Accordingly, the Court DENIES the Defendant's motion to set bail in
8  this case and AFFIRMS the Magistrate Judge's detention order.[3]

IT IS SO ORDERED.

DATED: May 28, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[3] The parties dispute whether a bond secured by The Bail Project, a third party organization which the Defendant has no ties or obligations, is an adequate bond proposal. In light of the Court's decision finding by a preponderance of the evidence that the Defendant is a flight risk and ordering the Defendant's detention in this case, the Court need not decide whether a bond secured by The Bail Project is sufficient.

-7-